ASA GILES & als., in Eq., versus JOSEPH EATON & als.

An answer to a bill in equity, complete in every respect, cannot be treated as an answer until the party has filed it.

If he died before filing the same, it cannot be filed as an answer by the solicitor.

His executors may, however, consider how far and to what extent they can properly incorporate into their answer the facts set forth in the unfiled answer.

BILL IN EQUITY.

The bill was brought for the August term of this Court, 1865, and was duly served on defendants on the nineteenth day of May, 1865.   Joseph Eaton, one of the defendants, deceased on the twenty-ninth day of August, A. D., 1865. On the first day of September, a paper, purporting to be the answer of Joseph Eaton and Stephen Young, was filed in the case by J. W. Bradbury, defendant's solicitor.   S. Heath, Mary Eaton and Joseph Eaton were duly appointed executors on the estate of said Joseph Eaton, deceased, on

the twenty-fifth day of September, 1865. At the November term, 1865, of this Court, the death of said Eaton was suggested, and said executors appeared, and on the twenty-fifth day of said November term the following entry was made upon the docket in this case:—"Executors come in and ratify and adopt the filing of the answer of said Eaton." On the nineteenth day of February, 1866, plaintiffs' solicitor filed in the clerk's office a rule requiring the said executor to show cause why the bill should not be taken as confessed by them for want of an answer. The rule was seasonably served on defendants'-solicitor.

At this (March) term, on a hearing of the question presented by said rule, the presiding Judge ruled that the said answer was properly in the case as the answer of said Jos. Eaton, and the rule was discharged. To which ruling the plaintiffs excepted.

*A. Libbey,* for the complainants.

*J. W. Bradbury,* for the respondents.

APPLETON, C. J.—It seems that Joseph Eaton, in his lifetime, prepared an answer to this bill and made oath to the truth of the same, as required by the rules for practice in chancery, but neglected to have it filed in the clerk's office before his decease. It would probably be desirable for the interests of his estate that the same should be regarded as filed. As it was not, the inquiry arises, whether we can regard that as done which was not done; in other words, whether filing an answer and not filing it, are equivalent or identical. The statement of the proposition would seem to be a determination of the question.

By the rules for practice in chancery, 37 Maine, 581, a special and limited time is given to the parties within which certain specified acts are to be done, and in which, if not done, the party neglecting is deemed to be in default. These times are to be determined by and calculated from the docket entries.

By Rule 6, the defendant is to make his defence to the

whole bill on the merits.by demurrer, plea or answer, within sixty days after the entry of his appearance, unless exceptions are taken to the bill; and, in such case, within forty days after they are disposed of.

Exceptions to an answer, by Rule 8, should be drawn and signed by counsel and filed with the clerk, and notice thereof given within thirty days after the answer is filed. By Rule 27, the day of filing each paper will be noted on the back of it and also on the docket.

The time, therefore, which is given for exceptions is from the day of the filing, not from some unascertainable date, when the intention to file may have arisen in the mind of the individual, whose answer it would have been, had the intention been made effective by filing.

The defendant, until his answer is filed, may alter or amend, or refuse to place it on file, preferring to make a new answer. The answer remains as much under his control as a deed made, signed and acknowledged, remaining in the hands of the grantor and not delivered. He may never file it, and we cannot treat it as his answer, until, by his final act, it is conclusively seen to be so. If the defendant lives, it assuredly is not his answer within the rules of practice, until filed. If the defendant dies, his death does not any the more make it available, as an answer before filing. "The clerk of records and writs dates it the day it is brought into his office, numbers it, and receives it into his custody, the bill is then said to be filed, and of record, but before this process is completed it is not of any effect in Court, and persons to be made parties have no right to take copies of it." 1 Daniell's Chancery Practice, 454. The same rule applies to the answer.

So, in common law procedure, pleas in abatement must be filed within the time prescribed by the rules of Court, and if not so filed, they will not be received. Nor can a single judge at *nisi prius* dispense with these rules in a particular case. *Thompson* v. *Hatch*, 3 Pick., 512; *Tripp* v. *Brownell*, 2 Gray, 402.

Giles *v.* Eaton.

The death of Eaton was a revocation of the power of his solicitor, who thereupon ceased to have authority to act in his behalf. The dead man had no solicitor and the filing of what, if Eaton had lived, might or might not have been his answer, was unauthorized.

Upon the death of Eaton, his executors were properly made parties. As no answer had been filed, it became their duty to file one. But the entry upon the docket is not the filing of an answer by them. It is their duty to file one, and it is for them to consider how far and to what extent they can properly incorporate the facts set forth in the unfiled answer of Eaton, in the one they may see fit to place on file.

While the answer of Eaton could not properly be regarded as on file, it by no means follows that the bill, as against the executors, must necessarily be taken as confessed. Under the circumstances of the case, they would be entitled to an enlargement of time, by filing a rule with the clerk, as provided by Rule 10. *Exceptions sustained.*

CUTTING, KENT, WALTON, DICKERSON and BARROWS, JJ., concurred.